T.C. Memo. 2000-103

UNITED STATES TAX COURT

FRANCIS G. LAGUAITE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23516-97.                    Filed March 27, 2000.

Francis G. Laguaite, pro se.

Gwendolyn C. Walker, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, Judge:  Respondent determined a deficiency of
$22,906 in petitioner's 1995 Federal income tax.  After
concessions[1], the sole issue for our consideration is whether

_____

    [1] Respondent concedes that petitioner properly included
$22,056 in pension income in his taxable year 1995 Federal income
tax return.  In addition, respondent determined that petitioner's
                                              (continued...)

$76,740 that petitioner received upon termination from his former employer is excludable from petitioner's 1995 gross income pursuant to section 104(a)(2).[2]  We hold that it is not.

FINDINGS OF FACT

The parties have stipulated some of the facts, which are incorporated in our findings by this reference.  Petitioner resided in Stone Mountain, Georgia, when he filed his petition.

On September 20, 1994, petitioner received a phone call from his employer of 29 years, Air Products and Chemicals, Inc. (APC), informing him that he was to be terminated.  Petitioner was 55 years old at the time.

On or about October 3, 1994, APC sent petitioner an unexecuted Agreement and General Release form (the release). The release stated that petitioner would receive a "cash termination payment equivalent to two weeks' base pay for each year and partial year of completed continuous service with the Company, in consideration of * * * [petitioner's] execution" of the release.  The release stated that petitioner agrees to

---

[1](...continued)
dividend income should be increased by $21.  Petitioner has not addressed this issue, and we deem him to have conceded it.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

release and settle "any and all manner of suits, actions, causes of action, damages and claims, known and unknown" that he has or may have against APC. The release stated that it

> includes, but is not limited to, claims arising under federal, state and local laws, including those prohibiting employment discrimination or claims growing out of any legal restrictions on the Company's rights to terminate its employees, including but not limited to the Rehabilitation Act of 1973 * * *, the Age Discrimination in Employment Act of 1967, * * * Title VII of the Civil Rights Act of 1964, * * * the Civil Rights Act of 1991, * * * the Americans with Disabilities Act, * * * and the Employee Retirement Income Security Act * * *.

On October 19, 1994, petitioner sent APC a letter demanding severance pay and asserting that his right thereto was not conditional on the execution of any release. On October 24, 1994, APC responded by letter stating, "One of the eligibility criteria for severance pay is the execution of a Release generally in the form presented to you." The letter requested that petitioner notify APC if he wished to suggest modifications to the release.

By letter dated November 15, 1994, petitioner asserted that APC's failure to pay him severance pay would constitute "Common Law Fraud". By letter dated December 1, 1994, petitioner asserted to APC that he was the victim of age discrimination. APC did not respond to these letters.

After consulting a number of attorneys, on January 6, 1995, petitioner signed the release and received from APC severance pay

of $76,739 based on years of service and salary. APC reported the payment as taxable income to petitioner and withheld Federal income taxes.

On his 1995 Federal income tax return, petitioner excluded the severance pay from his taxable income, but disclosed his position that the payment was not taxable because he believed it was based upon tort or tort type rights.

## OPINION

Except as otherwise provided, gross income includes income from all sources. See Sec. 61(a); Glenshaw Glass Co. v. Commissioner, 348 U.S. 426 (1955). Section 104(a)(2) excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness". Under the applicable regulations, "the term 'damages received (whether by suit or agreement)' means an amount received * * * through prosecution of a legal suit or action based upon tort or tort-type rights, or through a settlement agreement entered into in lieu of such prosecution." Sec. 1.104-1(c), Income Tax Regs. For damages to be excludable under section 104(a)(2), a taxpayer must show: (1) The underlying cause of action giving rise to the recovery is based upon tort or tort type rights; and (2) the damages were received on account of personal injuries or

sickness.  See <u>Commissioner v. Schleier</u>, 515 U.S. 323, 336-337 (1995).

Where damages are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement governs the excludability of the damages under section 104(a)(2).  See <u>United States v. Burke</u>, 504 U.S. 229, 237 (1992). "The critical question is, in lieu of what was the settlement amount paid?"  <u>Bagley v. Commissioner</u>, 105 T.C. 396, 406 (1995), affd. 121 F.3d 393 (8th Cir. 1997).

Assuming that petitioner may have had a potential tort type claim for emotional distress or other injuries resulting from his involuntary termination of employment, the crucial question is whether he received the $76,740 payment on account of personal injuries or sickness.

Where, as here, the settlement agreement does not expressly state the purpose for which payment was made, the most important factor is the payor's intent.  See <u>Knuckles v. Commissioner</u>, 349 F.2d 610, 613 (10th Cir. 1965), affg. T.C. Memo. 1964-33.

The evidence does not indicate that APC intended to compensate petitioner for personal injuries.  To the contrary, the release, as well as correspondence between APC and petitioner, indicates that both APC and petitioner regarded the payment in question as severance pay.  Neither the mode of calculating the payment, based on petitioner's years of service

and salary, nor the circumstances under which it was offered to petitioner, before he had made known to APC any claim of personal injury, suggest that APC intended to make the payment on account of any personal injury to petitioner.  See Phillips v. Commissioner, T.C. Memo. 1997-336.  The release form appears to be a standardized document, which is in itself indicative that the payment was not on account of personal injuries.  See Gajda v. Commissioner, T.C. Memo. 1997-345, affd. 158 F.3d 802 (5th Cir. 1998).  Although petitioner was offered the opportunity to suggest modifications to the release form, he did not do so.  Consequently, we discern no alteration in APC's intent in making the payment from the time it set out the payment criteria in the release form until it made payment to petitioner according to those criteria.

The release contains no mention of any particular claims by petitioner against APC, but rather refers comprehensively to petitioner's release of "any and all * * * claims, known and unknown," including claims "arising under federal, state and local laws," specifying by way of example, inter alia, claims under the Age Discrimination in Employment Act, for which damages received are not excludable under section 104(a)(2).  See Commissioner v. Schleier, supra.

Because the release allocates no part of the payment to claims of tort or tort type damages, and in the absence of facts

upon which petitioner could rely to prove such an allocation, the entire payment is presumptively includable in gross income.  See Taggi v. United States, 35 F.3d 93, 96 (2d Cir. 1994); Sherman v. Commissioner, T.C. Memo. 1999-202; Gajda v. Commissioner, supra.

In sum, while we do not question that petitioner's involuntary termination of employment may have caused him anguish, the evidence does not indicate that APC made the payment in question to compensate him for personal injury.  Rather, we conclude that the payment represented severance pay, which is not excludable from income.  See Phillips v. Commissioner, supra.

To reflect the foregoing and the parties' concessions,

Decision will be entered under Rule 155.